UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 21, 2025

LETTER TO ALL COUNSEL OF RECORD

RE:   *James L. v. Commissioner of Social Security Administration*
      Civil No.: 23-1137-MBAH

Dear Counsel:

  Plaintiff, through counsel, Karl E Osterhout, filed a motion seeking payment of $9,000.00 in attorney's fees, based on 37.5 hours of services at proximately $240.25 per hour,[1] pursuant to the Equal Access to Justice Act ("EAJA") as well as "$402.00 in costs expended for the filing of the complaint." ECF No. 27, at 1, 3. The Commissioner opposes Plaintiff's motion with respect to the attorney's fees and requests "a significant reduction in fees to exclude those hours that were not reasonably expended and are not properly billable." ECF No. 28, at 1. Plaintiff filed a reply reiterating the request for $9,000.00 and arguing that a request for compensation for 37.5 hours falls within the twenty-to-forty-hour range that a typical Social Security appeal case usually requires. ECF No. 29, at 1. The undersigned has considered the relevant filings and finds that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $5,333.55 in fees and $402.00 in costs.

  Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

  Once it "determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is

---

[1] "Plaintiff's counsel expended 54.3 hours (5.3 paralegal hours and 49.0 attorney hours) in EAJA related representation of the plaintiff before this Court." ECF No. 27, at 3. With paralegal billing rate at $75.00 per hour and attorney billing rate at $240.25 per hour, the total amount is $12,169.75. ECF No. 27-1. The amount requested was then voluntarily reduced to $9,000.00, and "[a]t the prevailing rate of $240.25, this amounts to a request to be paid for 37.5 hours." ECF No. 27, at 3, 6. While it is not clear whether the reduced fees request includes any paralegal hours, by Plaintiff's calculation, it appears that Plaintiff's fee request focuses primarily on attorney hours. No specifics were provided for the reduction of hours that resulted the reduced fees. Therefore, only hours billed by attorneys are addressed here, and any deductions would be calculated from the 49.0 attorney hours initially billed.

reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id*. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Furthermore, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Supreme Court explains that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the length of the administrative record, (3) the experience and skill of the attorney, and (4) the typical range of compensated hours in Social Security cases. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2-3 (D. Md. Feb. 10, 2015). Billing hours deemed reasonable by courts in Social Security appeals often fall the range of twenty to forty hours. *See Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).

Here, the Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA, nor does the Commissioner challenge the hourly rate proposed. ECF No. 28, at 1. The Commissioner also agrees that "Plaintiff shall be compensated for costs in the amount of $402.00." *Id*. at 8. However, the Commissioner argues that Plaintiff's fee request is unreasonable as the attorney billing entries include (1) non-compensable time that is clerical in nature, (2) "excessive time spent identifying issues, reviewing the file, and preparing a medical summary," and (3) vague descriptions for time spent drafting the opening brief. *Id*. at 4. These issues will be addressed below.

The Commissioner first seeks to reduce Plaintiff's request for non-compensable clerical time. It argues that 0.3 attorney hours to "'review/edit Complaint for filing' on January 24, 2023, is not compensable." *Id*. at 5. "[A] complaint requires limited factual information, incorporates no legal work, and could be completed by administrative staff in a matter of minutes." *April J. v. Kijakazi*, No. 21-1584-BAH, 2022 WL 4017381, at *3 (D. Md. Sept. 2, 2022) (citing *Sheridan v. Colvin*, No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015)). Here, Plaintiff filed a boilerplate complaint and cover sheet that required counsel to add only Plaintiff's name and place of residence, the date of the Commissioner's final decision on Plaintiff's claim, Plaintiff's identifying designation number, the date that the Action of Appeals Council on Request for Review was issued, and the date it was received by Plaintiff. *Compare* ECF No. 1 *with* Complaint, *Lovelyn R. v. Comm'r, Soc. Sec. Admin.*, No. CDA-24-3059 (D. Md. October 21, 2024), ECF No. 1. Billing for such "clerical work" is not permissible under EAJA. *Sheridan*, 2015 WL 5897735, at *2; *see also King v. Colvin*, No. SAG-08-2382, 2014 WL 4388381, at *3 (D. Md. Sept. 4, 2014) ("The remainder of the 'attorney work' also either contains clerical components, such as logging a

scheduling order into a system of electronically filing a motion, or consists largely of preparing and filing boilerplate documents, such as the one-page complaint."). Counsel will not be compensated for this time.

The remainder of the dispute concerns the following attorney billing entries:

> (1) 2.8 hours for "FDC Briefing - Initial review of administrative record" on March 22, 2023;
> (2) 5.6 hours for "FDC Briefing - File review; issue iden[ti]fication" on March 23, 2023;
> (3) 7.2 hours for "FDC Briefing - Finish file review; issue iden[ti]fication; attorney assignment for drafting" on March 24, 2023;
> (4) 7.2 hours for "FDC Briefing - File review; medical summary" on May 9, 2023;
> (5) 3.8 hours for "FDC Briefing - File review and medical summary; Drafting/editing of brief" on May 10, 2023;
> (6) 8.0 hours for "FDC Briefing - Drafting/editing of Brief" on May 11, 2023;
> (7) 4.1 hours for "FDC Briefing - Drafting/ editing brief with legal research" on May 12, 2023; and
> (8) 2.3 hours for "FDC Briefing - Final edit of brief" on May 17, 2023.

ECF No. 27-1, at 2.

As an initial matter, these descriptions are vague in that they fail to delineate portions of time for specific tasks. *Melissa B. v. Kijakazi*, Civ. No. 22-661-BAH, 2023 WL 2307146, at *2 (D. Md. Feb. 28, 2023) (citing *League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent.") and *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. July 17, 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.")). For instance, one can only guess how much time was spent on "File review and medical summary" and on "Drafting/editing of brief" out of the 3.8 hours billed on May 10, 2023.

The Commissioner next argues that the time spent on tasks labeled as "file review," "issue identification," and "medical summary" is excessive. ECF No. 28, at 6–7. According to the Commissioner, the total hours related to "file review" and "issue identification" are 15.6 hours,[2] and 11 hours[3] are related to "medical summary." *Id*. Plaintiff's counsel argues that the time is justified in view of the 5,400-page record produced by the Commissioner in the case. However, the Social Security Administrative Record is routinely produced electronically in Social Security appeal cases, and the electronic files filed in each case are normally organized, indexed, and labelled following a standard format. For example, the exhibit numbers for medical records usually begin with 1F, 2F, etc.; the exhibit numbers for documents concerning non-disability related development, such as earning records, usually begin with 1D, 2D, etc. ECF No. 6. Moreover, each

---

[2] This number of hours seems to come from time billed on March 22, 23, and 24, 2023. ECF No. 27-1, at 2.
[3] This number of hours seems to come from time billed on May 9 and 10, 2023. ECF No. 27-1, at 2.

set of records begins with a coversheet which includes a list of exhibits, and each exhibit has a number, a description (which also serves as a hyperlink to that exhibit), page range, and number of pages. *See*, *e.g.*, ECF No. 6-8, at 1. Most, if not all, of the files are searchable. Furthermore, the undersigned notes that about 4,800 pages out of the 5,400-page record are hospital records from one hospital, and many of the records for Plaintiff's visits are nearly similarly formatted containing nearly identical fields. ECF No. 6. Therefore, a legal professional ordinarily skilled in Social Security appeals can locate pertinent files or information without thoroughly reviewing every page of the entire record. *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 230 (E.D. Va. 2023) (granting a reduction "reflecting one minute of compensation per four pages of the record" and noting that "[n]ot every page of the record requires a thorough review by counsel, and many require no more than a cursory glance."). Thus, the undersigned agrees with the Commissioner that a reduction of attorney hours related to "file review" and "issue identification" is warranted and will reduce Plaintiff's request by 9.5 hours.

As to the 11 hours related to "medical summary," the undersigned notes that Plaintiff's 20-page memorandum includes a summary of Plaintiff's mental impairments, which is less than a page long. ECF No. 20-2 at 7. Moreover, it is well known in this District that a "detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication." *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014); *April J.*, 2022 WL 4017381, at *3. Therefore, Plaintiff's request will be reduced by another 7.0 hours.

Last, the Commissioner argues that 18.2 hours related to "Drafting/editing of brief" from May 10 through 17, 2023 (ECF No. 27-1) should be reduced. ECF No. 28, at 7. The undersigned agrees based on the billing entries, nature of this case, and short length—five pages—of Plaintiff's brief. As mentioned above, Plaintiff's counsel failed to specify what portions of the brief he seeks compensation for "drafting and instead refers generally to the drafting and editing of the brief . . . . As such, [the undersigned is] left to only guess at how long it took to copy and paste portions of the brief from filings in other cases for the 'authorities' section or to compile the medical records included in the 'opinion evidence' and 'argument' sections of Plaintiff's brief." *Melissa B.*, 2023 WL 2307146, at *2. The undersigned also notes that the arguments presented by Plaintiff are not uncommon in similar Social Security appeal cases. Therefore, having insufficient specifics from counsel and a short merits filing, the Court finds a reduction of additional 10.0 hours is warranted. *See id.* (reducing compensable briefing time to 7.2 hours where the same counsel filed a brief of similar length).

With the above-noted reductions of 26.8 attorney hours, the result is a final award of $5,333.55 for total of 22.2 hours of attorney time at $240.25 per hour. Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Iris C. v. Kijakazi*, No. BAH-21-3183, 2023 WL 5629644, at *1 (D. Md. Aug. 31, 2023) (mentioning an award of $4,904.82 under EAJA); *Ellen C. v. Kijakazi*, No. SAG-22-1698, 2023 WL 4490457, at *1 (D. Md. July 12, 2023) (awarding $5,824.78); *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47

on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $5,333.55 in fees and $402.00 in costs. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge